# EXHIBIT A

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>CIVIL SUMMONS | Case #: **17-CI-000691**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **CLAYTON, CHAD A VS. HUGHES ENVIRONMENTAL, INC.,** *Defendant*

TO:  3300, LLC
     3500 NATIONAL CITY TOWER
     101 SOUTH 5TH STREET
     LOUISVILLE, KY 40202

The Commonwealth of Kentucky to Defendant:
**HUGHES ENVIRONMENTAL, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **02/08/2017**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____            Served By _____

                                      Title _____

Summons ID: 4251953012614@00000812234,
CIRCUIT: 17-CI-000691 Certified Mail
CLAYTON, CHAD A VS. HUGHES ENVIRONMENTAL, INC.



Page 1 of 1

eFiled

*Presiding Judge: HON. ANN BAILEY SMITH (630350)*

CASE NO.                                        JEFFERSON CIRCUIT COURT
                                                        DIVISION _____

CHAD A. CLAYTON                                                 PLAINTIFF

V.                            **VERIFIED COMPLAINT**

HUGHES ENVIRONMENTAL, INC.                            DEFENDANT

**SERVE:**      Registered Agent
                  3300, LLC
                  3500 NATIONAL CITY TOWER
                  101 SOUTH 5TH STREET
                  LOUISVILLE, KY 40202

\* \* \* \* \* \*

## PARTIES

1. Plaintiff, Chad A. Clayton, is an individual residing at 6914 Village Green Blvd., Pee Wee Valley, 40056, Oldham County, Kentucky. At all times pertinent to this Complaint, Clayton was an employee of Defendant, Hughes Environmental, Inc.

2. Defendant Hughes Environmental, Inc. (hereinafter "Hughes") is a corporation formed and existing under the laws of Kentucky. Hughes principal place of business is 908 S. 8th Street, Suite 500, Louisville, KY, 40203. Hughes was Clayton's employer.

## JURISDICTION

3. Within the meaning of the law, and at all times relevant to this Complaint, Hughes was an "employer" and Clayton was an "employee".

4. Jurisdiction and venue are proper in this Court because Hughes' principal place of business is in Jefferson County; the transactions and occurrences involved occurred in Jefferson County; and the damages suffered by Plaintiff exceed the jurisdictional limits of the Jefferson

1

Circuit Court.

## GENERAL FACTUAL BACKGROUND

5. Hughes Environmental, Inc. is in the business of for-profit combustible dust remediation and extends its services throughout the southeastern and midwestern states.

6. At all times relevant to this Complaint, Clayton was employed by Hughes as a "Project Estimator."

7. All Supervisors and Managers mentioned herein were employees of Hughes Environmental, Inc. Their actions against Plaintiff were committed in the scope of their employment and for the benefit of Hughes.

8. On or about November 13, 2013, Clayton was hired as a "Project Estimator" for Hughes.

9. Clayton's job duties included traveling to multiple states and visiting with potential clients on location to provide estimates for combustible dust remediation. This task required Plaintiff Clayton to travel extensively throughout his assigned sales area.

10. Clayton was paid a salary of $30,000.00 per year, and was eligible for sales related additional compensation. Plaintiff Clayton's initial agreement with Hughes Environmental, Inc. included a compensation structure that entitled Plaintiff Clayton to four (4) percent of labor fees and one (1) percent of equipment rental fees on contracts that Plaintiff Clayton generated.

11. Plaintiff Clayton average workweek was approximately 50 hours per week and included two (2) or three (3) days per week of out of town travel.

12. During the first three (3) months of 2014, Plaintiff Clayton was assigned a territory that included Tennessee, Alabama, and Georgia. This region then expanded to include

Mississippi, Missouri, Illinois, North Carolina, South Carolina, West Virginia, Virginia, and Iowa. Clayton was excelling at his job and his territory, job duties and responsibilities at Hughes were increasing.

13. In or about July of 2015, Clayton was diagnosed with laryngeal cancer.

14. As soon as he was diagnosed, Clayton notified Hughes' agent Jackie Meredith, Jr.

15. Upon information and belief, Jackie Meredith, Jr. informed Clayton's immediate supervisor, Charles Cooper, that Clayton was diagnosed with cancer.

16. Initially Clayton was approved for intermittent medical leave for treatments to combat the laryngeal cancer. Clayton only missed the time it took to travel to treatment and for the treatment itself. Once treatment was over, Clayton went right back to work.

17. Plaintiff Clayton's treatment plan included 36 radiation treatments over a period of 40 days. Plaintiff Clayton's prescribed treatment plan also included chemotherapy treatments.

18. Plaintiff Clayton was specifically told by Hughes Environmental, Inc. that the organization did not want Clayton to file Family Medical Leave Act ("FMLA") paperwork.

19. August 13, 2015, was Plaintiff's first day of radiation treatment.

20. On a typical day that Plaintiff Clayton received radiation treatments, he would work in the office beginning at 9:00 a.m. Plaintiff Clayton would then leave work for approximately one (1) hour sometime between 10:00 a.m. and 3:00 p.m. to receive a treatment that lasted approximately four (4) minutes. Plaintiff Clayton would then return to work and finish the remainder of the day.

21. On the days that Plaintiff Clayton received chemotherapy treatment, he would take the entire day off of work. These chemotherapy treatments began on or about August 20, 2015, and occurred weekly concurrent with radiation treatments.

3

22. Sometime in late September or early October, Clayton became very ill and was hospitalized. Clayton was hospitalized the entire month of October.

23. Clayton received his final cancer treatment on October 30, 2015.

24. In November of 2015, Plaintiff's salary was reduced from $30,000.00 annually to $21,000.00 annually.

25. In or about January of 2016, Plaintiff was informed that Hughes Environmental, Inc. had not been paying its portion of his health insurance. This nonpayment resulted in Plaintiff Clayton being required to pay $750 per month to cover his health insurance.

26. During the time that Plaintiff Clayton was out on medical leave for treatment, some of his duties at Hughes Environmental, Inc. were given to Angie Howard, and upon information and belief, Plaintiff Clayton was not paid for commissions of which he generated and was contractually entitled.

27. Additionally, during the period of time that Plaintiff was out receiving treatment, Charles Cooper cut Plaintiff Clayton out of commissions that Plaintiff Clayton had generated and was entitled to under his agreement with Hughes.

28. On or about February 1, 2016, Plaintiff Clayton returned to work full-time.

29. After February 1, 2016, Hughes Environmental, Inc. began to reduce Plaintiff Clayton's sales regions that he was assigned to.

30. On May 26, 2016, Plaintiff Clayton was terminated.

31. Plaintiff Clayton was not paid commissions for projects that he had set-up prior to termination.

32. Hughes Environmental, Inc. cancelled Plaintiff's health insurance the day of termination.

## Count I
### Violation of KRS 344.040 (Disability Discrimination)

33. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

34. At the times relevant to this Complaint, Plaintiff Clayton was a member of a protected class based on disability or regarded as being disabled.

35. Plaintiff was discriminated against in his employment on the basis of this disability or the perception that he had one.

36. Defendant Hughes Environmental, Inc. took unlawful adverse employment action against Plaintiff Clayton based on disability by intimidating and harassing Plaintiff Clayton, reducing his salary, removing commissions, reducing sales region, and terminating him because of his disability or the perception of his disability.

37. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## Count II
### Violations of KRS § 344.280 (Retaliation)

38. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

39. Plaintiff was in a protected class on account of his disability or regarded as being disabled.

40. Plaintiff engaged in protected activity when he requested time off for medical leave.

41. Hughes Environmental, Inc. retaliated against Plaintiff for engaging in such

5

Filed          17-CI-000691    02/08/2017           David L. Nicholson, Jefferson Circuit Clerk

protected activity by harassing him further, telling him "we don't want you taking FMLA," reducing his salary and sales region, taking away commissions that had been earned, and terminating his employment.

42. As a direct and proximate result of the aforementioned conduct, Plaintiff Clayton has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## Count III
## Violation of KRS 337.385

43. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

44. Pursuant to KRS 337.385, an employer who pays any employee less than all of his/her wages and overtime compensation to which such employee is entitled, the employer shall be liable to the employee.

45. Plaintiff Clayton was at all times relevant hereto an "employee" within the scope of the definition of "employee" set forth in KRS 337.010(1)(c).

46. Defendant Hughes Environmental, Inc. was at all times relevant hereto an "employer" within the scope of the definition of "employer" set forth in KRS 337.010(1)(d).

47. Defendant Hughes Environmental, Inc. contracted with Plaintiff Clayton to pay him a commission based upon the sales he generates.

48. Plaintiff Clayton generated sales which entitled him to a commission payment that he did not receive.

49. Defendant Hughes Environmental, Inc. has refused to pay Plaintiff Clayton unpaid wages he earned as of the date of his termination.

Package:000008 of 000020    Presiding Judge: HON. ANN BAILEY SMITH (630350)    Package : 000008 of 000020

50. As a result of Defendant Hughes Environmental, Inc. above-stated actions, Plaintiff Clayton is entitled to all of his unpaid wages; liquidated damages in an amount equal to his unpaid wages; any overtime that he may be entitled to as well as costs and attorney fees. All such damages are in an amount that exceeds the jurisdictional requirements of this Court.

## COUNT V
### Violations of the Family Medical Leave Act of 1993

51. Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

52. Plaintiff Clayton was entitled to time off work under the FMLA because of his diagnosis and other medical conditions.

53. Because Clayton took time off work because of his illness, Defendant Hughes Environmental, Inc. harassed and retaliated against Clayton by treating him differently from his coworkers, by reducing his salary, by reducing his territory, by not paying him commissions he was entitled to and ultimately terminating his employment.

54. As a direct and proximate result of the aforementioned conduct, Plaintiff's FMLA rights were violated and he has suffered embarrassment, humiliation, emotional distress, and loss of wages and benefits and is entitled to punitive damges.

**WHEREFORE**, the Plaintiff respectfully pray as follows:

1. Judgment against Defendant Hughes Environmental, Inc. for compensatory and punitive damages, in a fair and reasonable amount to be determined by the evidence;

2. Trial by jury of all issues triable;

3. For his costs incurred herein;

4. Attorney fees to the extent permitted by law; and,

5. For any and all other relief allowed under the law.

Filed          17-CI-000691    02/08/2017           David L. Nicholson, Jefferson Circuit Clerk

Respectfully Submitted,

_____
GARRY R. ADAMS
JOHN S. PHILLIPS
CLAY DANIEL WALTON & ADAMS, PLC
Meidinger Tower, Suite 101
462 South Fourth Street
Louisville, KY 40202
(502) 561-2005 (phone)
(502) 589-5500 (fax)

Filed                17-CI-000691    02/08/2017                David L. Nicholson, Jefferson Circuit Clerk

## VERIFICATION

I, Chad Clayton, state that I have read the foregoing Verified Complaint and the statements contained therein are true to the best of my knowledge and belief.

_____
CHAD CLAYTON

Subscribed and sworn to before me by Chad Clayton on this 7th day of February, 2017.

My commission expires: 01/27/2019

_____
NOTARY PUBLIC, KY STATE AT LARGE

9